# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ROBERT WAYNE KELLEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 5:20-cv-01551-MHH-SGC |
| WARDEN DEBORAH TONEY, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On March 1, 2021, the magistrate judge recommended that the Court dismiss Robert Wayne Kelley's petition for writ of habeas corpus without prejudice as successive pursuant to 28 U.S.C. § 2244(b)(3)(A). (Doc. 8). The magistrate judge also recommended denial of a certificate of appealability. Mr. Kelley filed timely objections to the report. (Doc. 9).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to

which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Mr. Kelley maintains that he is entitled to relief on the merits of his petition. (Doc. 9).  He contends that a second habeas petition, filed after the first petition "was adjudicated on its merits and dismissed as time barred[,] or dismissed for failure to exhaust state remedies[,] is not a successive petition[.]"  (Doc. 9, p. 3).  True, a habeas petition filed "after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition," *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000), but a district court's denial of a petition as time-barred constitutes a dismissal with prejudice on the merits for purposes of the bar against second or successive § 2254 petitions, *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325–26 (11th Cir. 2017).  The Court has reviewed the record in Mr. Kelley's previous federal habeas proceeding, *Kelley v. Estes*, No. 19-0194-KOB-HNJ (N.D. Ala. 2019), and confirmed that the Court denied Mr. Kelley's habeas petition in that case "as time-barred and/or

unexhausted." (Case 19-194, Doc. 8, p. 3).[1] Because Mr. Kelley's prior petition was time-barred, his current petition is successive. *See Gipson v. Sec'y, Dep't of Corr.*, 784 Fed. Appx. 683, 684 (11th Cir. 2019) (affirming dismissal of § 2254 petition as successive where previous petition was denied as time-barred). Consequently, if Mr. Kelley wishes to pursue federal habeas relief again, he must ask the Eleventh Circuit Court of Appeals for permission to file a successive habeas petition.

Having reviewed the materials in the Court's electronic docket, including the report and recommendation and Mr. Kelley's objections, the Court adopts the magistrate judge's report and accepts her recommendations. By separate order, the Court will dismiss Mr. Kelley's petition for writ of habeas corpus without prejudice for lack of jurisdiction because he has not received authorization from the Eleventh Circuit to file a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Court will not issue a certificate of appealability.

**DONE** and **ORDERED** this May 27, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] The Eleventh Circuit Court of Appeals denied Mr. Kelley's request for a certificate of appealability in Case 19-194. (Case 19-194, Doc. 16).